1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L. DE LA TORRE,<br><br>                         Plaintiff,<br><br>          v.<br><br>B. ELLIS, et al.,<br><br>                         Defendants.<br>_____ | Case No. EDCV 13-6 MMM(JC)<br><br>MEMORANDUM OPINION AND<br>ORDER DISMISSING ACTION |

On March 11, 2013, plaintiff, Jose L. De La Torre ("plaintiff"), who is in custody and has been granted leave to proceed *in forma pauperis*, filed a *pro se* Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") against multiple defendants connected with the California Rehabilitation Center where plaintiff was formerly housed.

As plaintiff is proceeding *in forma pauperis*, the assigned Magistrate Judge screened the Complaint prior to ordering service on defendants, to determine if the Complaint fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

On June 19, 2013, the the Magistrate Judge issued an order (the "June Order") advising plaintiff that the Complaint was deficient for reasons described in

the June Order and affording plaintiff an opportunity to file a First Amended Complaint within twenty (20) days if he wished to proceed with this action.[1]  The June Order further expressly advised plaintiff that the failure timely to file a First Amended Complaint may result in the dismissal of this action with or without prejudice on the grounds set forth in the June Order and/or for failure diligently to prosecute.  To date, although the foregoing deadline has expired, plaintiff has failed to file a First Amended Complaint or to seek an extension of time to do so.

In light of the foregoing, on July 25, 2013, the Magistrate Judge issued an Order to Show Cause ("OSC") directing plaintiff, by August 8, 2013, to show cause in writing why this action should not be dismissed based upon the deficiencies in the Complaint identified in the June Order and/or based upon plaintiff's failure to prosecute.  The OSC expressly cautioned plaintiff that the failure timely to comply with the OSC and/or to show good cause would result in the dismissal of this action based upon the deficiencies identified in the June Order, plaintiff's failure to prosecute, and/or plaintiff's failure to comply with the OSC.  To date, plaintiff has failed to file a response to the OSC, and the deadline to do so has now expired.

It is well-established that a district court has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962);p; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992).  In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need

---

[1]Specifically, the Magistrate Judge advised plaintiff, albeit in greater detail and with citation to authorities, that:  (1) defendants, to the extent sued in their official capacities, were immune from suit on the Section 1983 claims; (2) plaintiff had failed to state a viable Section 1983 claim against defendants, to the extent sued in their individual capacities; and (3) absent a viable Section 1983 claim against any defendant, the Court was without supplemental jurisdiction to consider plaintiff's state law claims.

to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The Court cannot hold this case in abeyance indefinitely awaiting plaintiff's response to the Court's directives.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the OSC, has been afforded the opportunity to do so, and has not responded, no sanction lesser than dismissal without prejudice is feasible.

IT IS THEREFORE ORDERED that this action is dismissed based upon plaintiff's failure to prosecute and failure to comply with the OSC.

IT IS SO ORDERED.

DATED: September 10, 2013

_____
HONORABLE MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

3